UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Hadley Angelic Snider,<br><br>                    Plaintiff(s),<br>vs.<br><br>Aaron Ford, Nevada Attorney General,<br><br>                    Defendant(s). | Case No. 2:23-cv-02013-APG-MDC<br><br>**Order**<br><br>Application to proceed in forma pauperis (EFC No. 2) and Complaint (ECF No. 1-2); Motion to appoint counsel (ECF No. 3) |

Pro se plaintiff Hadley Angelic Snider filed *an application to proceed in forma pauperis* (IFP), a complaint*, and a motion to appoint counsel.* ECF Nos. 2, 2-1, and 3. The Court grants her IFP application and dismisses her complaint with leave to refile. *Id.* The Court also denies plaintiff's motion for appointment of counsel. ECF No. 3.

## DISCUSSION

Plaintiff's filings present two questions: (1) whether plaintiff may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether plaintiff's complaint states a plausible claim for relief.

**I.      Whether plaintiff may proceed in forma pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff states in her IFP application that she makes $822.60 a month in social security income. ECF No. 2. She states that she has $130.45 in her bank account. *Id.* She states that she owns a 2001 Dodge Grand Caravan and pays $600 a month in rent. *Id.* The Court grants her IFP application.

**II.     Whether plaintiff's complaint states a plausible claim**

   a.  **Legal standard**

Since the Court grants plaintiff's IFP application, the Court reviews plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

   b.  **Complaint**

Plaintiff brings a civil rights case pursuant to section 1983 against Aaron Ford, the Nevada

Attorney General. ECF No. 1-2. She alleges that when she was nineteen years old, she entered into a plea agreement where she agreed to serve multiple years in prison for a felony. *Id.* She alleges that she got out of prison in 2005 and the Court sealed her record in 2019. *Id.* She alleges that from 2005 and 2019 it was impossible for her to find a job because of her felony criminal record. *Id.* She argues that the prosecutors never told her that her record would be public for fourteen years. *Id.* She argues that she got a college degree, but her criminal record ruined her chances of ever finding a job in her chosen field. *Id.* She argues that she would not have plead guilty if she knew that her record would be public for so long. *Id.* She argues that the prosecutors violated her 14th Amendment rights to due process when they concealed that her criminal record would be a public record. *Id.*

### i. Section 1983 and the Eleventh Amendment

"Traditionally, the requirements for relief under section 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Courts have required plaintiffs to "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986); see also *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49—50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999) (internal citations omitted). A plaintiff must show that the "allegedly unconstitutional conduct is fairly attributable to the State." *Id.* at 50.

A § 1983 claim for damages is not cognizable against the state, arms of the state, or state officials sued in their official capacities. Such parties are not 'persons' under § 1983 and cannot be held liable for money damages under § 1983. *Thornton v. Brown*, 757 F.3d 834, 839 (9th Cir. 2013)). The Eleventh

Amendment bars suits for monetary damages or injunctive relief against state agencies. *Shaw v. Cal Dep't of Alcoholic Beverage Contro*l, 788 F.2d 600, 603 (9th Cir. 1986). "The Eleventh Amendment bars claims for damages against a state official acting in his or her official capacity. It does not, however, bar claims for damages against state officials in their personal capacities." *Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) (emphasis in original) (citations omitted).

Plaintiff's complaint has a number of issues.  First, the only defendant that plaintiff named is the Nevada Attorney General, Aaron Ford. Plaintiff named defendant Ford in his official role as the Nevada Attorney General and not in any individual role.   As stated above, the Eleventh Amendment does not allow plaintiff to name and sue a defendant, like Ford, in his official role (*as the Nevada Attorney General*).   . Second, plaintiff's complaint does not ask the Court to stop on-going violations of federal law.  For the type of case that plaintiff is alleging, the law requires a plaintiff to  seek "prospective relief from ongoing violations of federal law[.]". See *Koala v. Khosla*, 931 F.3d 887, 895 (9th Cir. 2019).  The main subject of plaintiff's complaint is the sealing of her criminal record.   But here, plaintiff does not seek to have her criminal record sealed, which would be "prospective relief.", Instead, plaintiff acknowledges that her criminal record has been sealed.[1]  Thus, plaintiff's  complaint cannot be liberally construed to seek prospective relief. Therefore, plaintiff's  claims against Ford in his official capacity are dismissed.

### ii.  Statute of limitations

Plaintiff's claims are likely barred by the statute of limitations. "Section 1983 does not contain its own statute of limitations; instead, federal courts borrow from the statute of limitations applicable to personal injury claims in the forum state." *Love v. Pub. Defender's Office*, No. 2:21-cv-01175-JAD-VCF,

---

[1] The Court notes that by bringing this lawsuit, plaintiff's case is a public record, and her complaint discusses her sealed criminal record on the public docket.

2021 U.S. Dist. LEXIS 204026, 2021 WL 4941993, at *2 (D. Nev. Oct. 22, 2021) (citing *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985)). "In Nevada, the statute of limitations for personal injury claims, and therefore § 1983 actions, is two years." *Id.* (citing Nev. Rev. Stat. § 11.190(4)(e)). "A statute of limitations begins to run on the date on which the plaintiff's claim accrues." *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012) (citation omitted). "[T]he accrual date of a § 1983 cause of action is a question of federal law[.]" *Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007). Accrual occurs when the plaintiff has a "complete and present cause of action." *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201, 118 S. Ct. 542, 139 L. Ed. 2d 553 (1997).

Since the plaintiff must successfully state a federal claim to proceed with his case, the Court will not screen plaintiff's potential state law claims (or analyze any potential statute of limitations issues) at this time. See *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) (holding that "[w]here a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice"). If the Court does analyze her potential state law claims when she amends, the Court finds that it is unlikely that plaintiff will be able to state a claim if the statutes of limitations have expired. She alleges that the events took place decades ago. Plaintiff must research the statues of limitations for each of her claims if she amends. If she amends, plaintiff must allege within her complaint the facts showing why the statutes of limitations have not run on her claims.

### iii. Plaintiff's complaint is dismissed without prejudice

Plaintiff fails to articulate a claim or claims against any defendant.  Plaintiff has not named defendant Ford, or any other defendant, in his individual capacity.   It is possible that these deficiencies may be cured through amendment.  Plaintiff's complaint is dismissed without prejudice.  Plaintiff must file an amended complaint explaining defendant Ford, or any other defendant acted individually with in connection with her Seciton 1983 claim, and not in their official capacities.  The Plaintiff must also allege facts showing why her claim are not barred by the applicable statute of limitations.   The amended complaint must be "complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading.  LR 15-1(a).

### c. Plaintiff's motion for an appointment of counsel

Plaintiff also filed a motion for appointment of counsel. ECF No. 3. A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). While federal courts are empowered to request an attorney to represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1), the court can only grant such requests under extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of such exceptional circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the pro se litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015. 1017 (9th Cir. 1991), *citing Wilborn*, *supra*, 789 F.2d at 1331. The Court does not find such exceptional circumstances here. The Court denies plaintiff's motion for appointment of counsel (ECF No. 3) without prejudice.

**It is so Ordered that:**

1. Plaintiff Hadley Angelic Snider's *application to proceed in forma pauperis* (ECF No. 2) is GRANTED.

2. Plaintiff Hadley Angelic Snider's *complaint* (ECF No. 2-1) is DISMISSED without prejudice.

3. Plaintiff has until **April 4, 2024**, to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

4. Plaintiff's *motion to appoint counsel* (ECF No. 3) is DENIED without prejudice.

5. The Clerk of the Court is directed NOT to issue summons if plaintiff files an amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party

if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

It is so ordered.

Dated this 5th day of March 2024.

_____
Maximiliano C. Couvillier III
United States Magistrate Judge